**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACO VAN MAANEN,<br><br>           Plaintiff,<br><br>      v.<br><br>YOUTH WITH A MISSION-BISHOP; YOUTH WITH A MISSION INTERNATIONAL, INC. d/b/a YWAM-OFFICE OF THE FOUNDERS; UNIVERSITY OF THE NATIONS, INC. d/b/a YWAM- UNIVERSITY OF THE NATIONS; and DOES 1-10,<br><br>           Defendants.<br>_____ | Case No.: 1:10-cv-00493 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT YOUTH WITH A MISSION-BISHOP'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br>(Doc. 65) |

Defendant Youth With a Mission- Bishop ("Bishop") seeks entry of a determination of good faith settlement. (Doc. 65). The Court reviewed the motion and its supporting documents, and found the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). Therefore, the matter was taken under submission on November 16, 2011. (Doc. 96).

For the reasons set forth below, the Court recommends Bishop's motion for determination of good faith settlement be **GRANTED**.

**I.  Factual and Procedural History**

Plaintiff Jaco Van Maanen initiated this action on March 18, 2010 by filing his complaint against defendants Youth With a Mission-Bishop; Youth With a Mission International, Inc., dba YWAM- Office of the Founders; and University of the Nations, Inc., dba YWAM- University of the

Nations (collectively, "Defendants").  (Doc. 1).  Plaintiff seeks damages for injuries he suffered while using a zip line on June 17, 2009.  Plaintiff alleges Defendants failed to properly erect the zip line in a safe manner, failed to properly supervise or train Plaintiff in its use, and failed to have polices and procedures in place to ensure his safety.  (*See* Doc. 34 at 2).

On October 10, 2011, Bishop filed a notice of motion for determination of good faith settlement, asserting Plaintiff and Bishop reached a settlement agreement.  (Doc. 65).

## II.   Legal Standards for Good Faith Settlement

A motion for good faith settlement arises under California Code of Civil Procedure § 877, which is applies to federal court actions and authorizes the Court to determine whether a settlement agreement was entered into good faith.  *See Slottow v. American Casualty Co. of Reading, Pennsylvania*, 10 F.3d 1355 (9th Cir. 1993) (en banc).  In relevant part, the California law states,

> Where a release, dismissal with or without prejudice, or covenant not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

Cal. Civ. Proc. Code § 877; *see also Rutgard v. Haynes*, 61 F.Supp.2d 1082, 1085 ( S.D. Cal. 1999).  The objectives of this legislation were "equitable sharing of costs among the parties at fault, and . . . encouragement of settlements." *River Garden Farms, Inc. v. Superior Court*, 26 Cal.App.3d 986, 993 (1972).  However, "equitable sharing" does not require *equal* sharing.  *Id.*

The California Supreme Court stated, "The good faith provision of section 877 mandates that the courts review agreements purportedly made under its aegis to insure that such settlements appropriately balance the contribution statute's dual objectives." *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 698 P.2d 159, 163 (Cal. 1985).  In the determination of good faith, factors to be considered include:

> a rough approximation of plaintiff's total recovery and the settlor's proportionate liability, the allocation of settlement proceeds among plaintiffs, and a recognition that a settler should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortuous conduct aimed to injure the interests of nonsettling defendants.

*Id.* at 166 (citation omitted). The burden of proof lies on a party opposing a motion for good faith settlement to establish a lack of good faith. *Id.* at 167; *see also* Cal. Civ. Proc. Code §877.6(d). An opposing party "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id.* at 499-500. The determination as to whether a settlement is made in good faith is a matter of the Court's discretion. *Id.* at 502.

### III. Discussion and Application

One of the most important *Tech-Bilt* factors is the proportion of liability, and where "there is no substantial evidence to support a critical assumption as to the nature and extent of a settling defendant's liability, then determination of good faith upon such assumption is an abuse of discretion." *Toyota Motor Sales U.S.A., Inc. v. Superior Court*, 220 Cal.App.3d 864, 871 (1990); *see also City of Grand Terrace v. Superior Court*, 192 Cal.App.3d 1251, 1262 (1987). A "settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the . . . liability to be." *Torres v. Union Pacific R. Co.*, 157 Cal.App.3d 499, 509 (1984). According to Bishop, liability appears probable because Plaintiff was under the supervision of Bishop employee, and Bishop personnel constructed the zip line on which Plaintiff was injured. (Doc. 66 at 3). Plaintiff "suffered a crushed cervical vertebrae, and was instantly and permanently rendered a paraplegic, from the nipple line down." *Id.*

Bishop reports that its "net assets are about $300,000, other than its liability insurance policy of $1 Million." (Doc. 66 at 2). Bishop agrees to pay its insurance policy limit to Plaintiff "if the court approves this is a good faith settlement and bars equitable indemnity and contribution claims by the other two defendants." *Id.* Bishop asserts that payment of its policy limit of $1,000,000 "and its lack of other net assets with which to pay a judgment, justify a finding that [the] settlement is in good faith." *Id* at 4. The financial condition of Bishop and its payment of the insurance policy limit,

weigh in favor of finding the parties have entered into a good faith settlement.  In addition, there is no evidence of collusion, fraud, or tortuous conduct aimed to injure the interests of the other defendants.

### IV.  Findings and Recommendations

The *Tech-Bilt* factors weigh in favor of granting the Bank's motion for good faith settlement. Significantly, this motion was unopposed, and no party has demonstrated the settlement agreement is unreasonable or is inconsistent with the equitable objectives of Cal. Civ. Proc. Code §877.6(d).

Accordingly, the Court **HEREBY RECOMMENDS**:

1. Bishop's motion for the determination of good faith settlement be **GRANTED**; and
2. Any and all claims for equitable comparative contribution, and partial and complete comparative indemnity, based on comparative negligence or comparative fault, which may be brought by Defendants be forever barred pursuant to California Code of Civil Procedure §877.6(c).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 28, 2011**             /s/ Jennifer L. Thurston
                                                             UNITED STATES MAGISTRATE JUDGE