1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JACO VAN MAANEN,                    )   Case No.: 1:10-cv-00493 AWI JLT
                                        )
12              Plaintiff,              )   FINDINGS AND RECOMMENDATION
                                        )   GRANTING DEFENDANT YOUTH WITH A
13        v.                            )   MISSION-INTERNATIONAL'S
                                        )   APPLICATION FOR DETERMINATION OF
14  YOUTH WITH A MISSION-BISHOP; YOUTH  )   GOOD FAITH SETTLEMENT
    WITH A MISSION INTERNATIONAL, INC.  )
15  d/b/a YWAM-OFFICE OF THE FOUNDERS;  )   (Doc. 74)
    UNIVERSITY OF THE NATIONS, INC.     )
16  d/b/a                               )
    YWAM- UNIVERSITY OF THE NATIONS;    )
    and DOES 1-10,                      )
17                                      )
                Defendants.             )
18  _____ )

19        Defendant Youth With a Mission- Ahualani, formerly known as Youth With a Mission-

20  International, Inc. ("Ahualani") seeks entry of a determination of good faith settlement.  (Doc. 74).

21  The Court reviewed the application and its supporting documents, and found the matter was suitable

22  for decision without oral argument pursuant to Local Rule 230(g).  Therefore, the matter was taken

23  under submission on November 16, 2011.  (Doc. 96).

24        For the reasons set forth below, the Court recommends Ahualani's application for

25  determination of good faith settlement be **GRANTED**.

26  **I.  Factual and Procedural History**

27        Plaintiff Jaco Van Maanen initiated this action on March 18, 2010 by filing his complaint

28  against defendants Youth With a Mission-Bishop; Youth With a Mission-International, Inc., dba

                                          1

1   YWAM- Office of the Founders; and University of the Nations, Inc., dba YWAM- University of the

2   Nations (collectively, "Defendants").  (Doc. 1).  Plaintiff seeks damages for injuries he suffered

3   while using a zip line on June 17, 2009.  Plaintiff alleges Defendants failed to properly erect the zip

4   line in a safe manner, failed to properly supervise or train Plaintiff in its use, and failed to have

5   polices and procedures in place to ensure his safety.  (*See* Doc. 34 at 2).

6          The parties engaged in mediation on September 1, 2011, at which time Plaintiff and Ahualani

7   reached a settlement agreement.  (Doc. 74-1 at 4).  On October 10, 2011, Ahualani filed an

8   application for determination of good faith settlement, seeking approval of the settlement and an

9   order barring any other defendant's cross-complaints.  (Doc. 74).

10  **II.   Legal Standards for Good Faith Settlement**

11         A motion for good faith settlement arises under California Code of Civil Procedure § 877,

12  which is applies to federal court actions and authorizes the Court to determine whether a settlement

13  agreement was entered into good faith.  *See Slottow v. American Casualty Co. of Reading,*

14  *Pennsylvania*, 10 F.3d 1355 (9th Cir. 1993) (en banc).  In relevant part, the California law states,

15         Where a release, dism issal with or without prejudic  e, or covenant not to enforce
16         judgment is given in good faith before verdict or judgment to one or more of a number
           of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors
17         mutually subject to contribution rights, it shall have the following effect:

18         (a) It shall not discharge any such party from liability unless its terms so provide, but it
           shall reduce the claim s against the others in the am ount stipulated by the release, the
19         dismissal or the covenant, or in the amount of the consideration paid for it, whichever
           is greater.

20         (b) It shall discharge the party to whom it is given from all liability for any contribution
21         to any other parties.

22  Cal. Civ. Proc. Code § 877; *see also Rutgard v. Haynes*, 61 F.Supp.2d 1082, 1085 (S.D. Cal. 1999).

23  The objectives of this legislation were "equitable sharing of costs among the parties at fault, and . . .

24  encouragement of settlements."  *River Garden Farms, Inc. v. Superior Court*, 26 Cal.App.3d 986,

25  993 (1972).  However, "equitable sharing" does not require *equal* sharing.  *Id.*

26         The California Supreme Court stated, "The good faith provision of section 877 mandates that

27  the courts review agreements purportedly made under its aegis to insure that such settlements

28  appropriately balance the contribution statute's dual objectives."  *Tech-Bilt, Inc. v. Woodward-Clyde*

2

1   *& Assoc.*, 698 P.2d 159, 163 (Cal. 1985).  In the determination of good faith, factors to be

2   considered include:

3   > a rough approximation of plaintiff's total recovery and the settlor's proportionate
    > liability, the allocation of settlement proceeds among plaintiffs, and a recognition that
4   > a settler should pay less in settlement than he would if he were found liable after a trial.
    > Other relevant considerations include the financial condition and insurance policy limits
5   > of settling defendants, as well as the existence of collusion, fraud, or tortuous conduct
    > aimed to injure the interests of nonsettling defendants.

6

7   *Id.* at 166 (citation omitted).  The burden of proof lies on a party opposing a motion for good faith

8   settlement to establish a lack of good faith.  *Id.* at 167; *see also* Cal. Civ. Proc. Code §877.6(d).  An

9   opposing party "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to

10  these factors as to be inconsistent with the equitable objectives of the statute."  *Id.* at 499-500.  The

11  determination as to whether a settlement is made in good faith is a matter of the Court's discretion.

12  *Id.* at 502.

13  **III.   Discussion and Application**

14          One of the most important *Tech-Bilt* factors is the proportion of liability, and where "there is

15  no substantial evidence to support a critical assumption as to the nature and extent of a settling

16  defendant's liability, then determination of good faith upon such assumption is an abuse of

17  discretion."  *Toyota Motor Sales U.S.A., Inc. v. Superior Court*, 220 Cal.App.3d 864, 871 (1990);

18  *see also City of Grand Terrace v. Superior Court*, 192 Cal.App.3d 1251, 1262 (1987).  A

19  "settlement figure must not be grossly disproportionate to what a reasonable person, at the time of

20  the settlement, would estimate the . . . liability to be."  *Torres v. Union Pacific R. Co.*, 157

21  Cal.App.3d 499, 509 (1984).  According to Ahualani, the entity "had no control or influence

22  whatsoever" over the activities of the other defendants, and no entity commingled funds, assets, or

23  shared employees or officers.  (Doc. 74-1 at 7).  Therefore, Ahualani believes that it was unlikely

24  that Plaintiff could establish negligence by Ahualani–either through direct negligence, actual

25  agency, or alter ego theories.  *Id.*

26          Ahualani notes that "all parties have confirmed that they will not challenge this Application

27  and, on the contrary, believe that the settlement agreement is in good faith."  (Doc. 74-1 at 7).

28  According to Ahualani, it has "no insurance policy applicable to plaintiff's claims."  *Id.* at 8.

1  Ahualani assets that this fact "is a further factor demonstrating that its settlement with plaintiff is

2  both fair reasonable and in good faith." *Id.* ████████████████████████████████████

3  ████████████████████████████████████████████████████████████████████████████████

4  ████." (Doc. 71 at 1).  Ahualani's lack of insurance weighs in favor of finding the parties have

5  entered into a good faith settlement.  In addition, there is no evidence of collusion, fraud, or tortuous

6  conduct aimed to injure the interests of the other defendants.

7  **IV.  Findings and Recommendations**

8         The *Tech-Bilt* factors weigh in favor of granting Ahualani's application for determination of

9  good faith settlement.  Significantly, this application was unopposed, and no party has demonstrated

10  the settlement agreement is unreasonable or is inconsistent with the equitable objectives of Cal. Civ.

11  Proc. Code  §877.6(d).

12         Accordingly, the Court **HEREBY RECOMMENDS**:

13      1.    Ahualani's application for determination of good faith settlement be **GRANTED**;

14            and

15      2.    Any and all claims for equitable comparative contribution, and partial and complete

16            comparative indemnity, based on comparative negligence or comparative fault, which

17            may be brought by Defendants be forever barred pursuant to California Code of Civil

18            Procedure §877.6(d).

19         These Findings and Recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

21  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

22  fourteen days after being served with these Findings and Recommendations, any party may file

23  written objections with the court.  Such a document should be captioned "Objections to Magistrate

24  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

25  within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*,

26  951 F.2d 1153 (9th Cir. 1991).

27  IT IS SO ORDERED.

28  Dated:   **November 29, 2011**                    _____**/s/ Jennifer L. Thurston**_____
                                                      UNITED STATES MAGISTRATE JUDGE